IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONNA MANLEY,

    Plaintiff,

v.            CIVIL ACTION NO. 2:17-cv-02293

NANCY A. BERRYHILL,

    Defendant.

MEMORANDUM OPINION AND ORDER

## I. Introduction

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the plaintiff's motion for judgment on the pleadings, grant the defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this action from the court's docket. Proposed Findings & Rec. ("PF&R") [ECF No. 14].

On October 20, 2017, the plaintiff filed timely objections to the Magistrate Judge's findings and recommendation. Pl.'s Obj. to PF&R [ECF No. 15]. The defendant did not respond. The court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendation to which the plaintiff objects and

finds that the objections lack merit. For the reasons herein, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge. The court **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 12], **GRANTS** the defendant's motion for judgment on the pleadings [ECF No. 13], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

## II. Statement of Facts

After *de novo* review of those portions of the Magistrate Judge's PF&R to which objections were filed, the court **ADOPTS** the statement of relevant facts and procedural history set forth in the report.

## III. Standard of Review

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the [Administrative Law Judge,] ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

3

IV. Analysis

The plaintiff makes three objections to the Magistrate Judge's PF&R. First, she objects to his finding that the ALJ fairly assessed the opinions of the plaintiff's treating physician, Mohammed K. Hasan, M.D. Second, she objects to the Magistrate Judge's findings regarding the Residual Function Capacity ("RFC") Assessment. Finally, she objects to the Magistrate Judge's recommendation for disposition. I will consider each objection separately.

### a. Weight Given to Treating Physician, Mohammad K. Hasan, M.D.

First, the plaintiff object to the Magistrate Judge's finding that the ALJ fairly assessed the opinions of the plaintiff's treating physician, Mohammed K. Hasan, M.D. The ALJ gave "little weight" to Dr. Hasan's opinions as referenced in the two medical assessments provided in February and April 2014. Tr. at 18–19 [ECF No. 10-2 at 19–20]. The ALJ justified giving Dr. Hasan's opinions little weight by explaining that "Dr. Hasan did not support his opinion with an explanation, and his opinion is not supported by the record, which showed that the claimant was repeatedly assessed with intact memory and normal insight and judgment. It also showed that the claimant responded well to therapy and medication." *Id.*

The treating physician's opinions are only given controlling weight if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996), *citing Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.

1992); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Ward v. Carter*, 924 F. Supp. 53, 55 (W.D. Va. 1996) (stating that a treating physician's opinion is granted controlling "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence").

Dr. Hasan's opinions fail both requirements. First, his medical assessments do not contain explanations that support his conclusion that the plaintiff's capacities are fair or poor. Tr. 1161–62 [ECF No. 10-8 at 181–82]; Tr. 1180-81 [ECF No. 10-8 at 200–01]. He does not provide medical or clinical findings to support his assessments even though the assessment sheets explicitly ask for medical or clinical findings to support such conclusions. Second, as the ALJ notes, there is evidence in the record that the plaintiff responded well to medication and therapy. *See, e.g.,* Tr. 1000, 1002, 1004, 1006, 1013, 1026, 1033. So, there is other substantial evidence that is inconsistent with Dr. Hasan's opinions. After *de novo* review, I conclude that the Magistrate Judge's conclusion with respect to the ALJ's evaluation of Dr. Hasan's opinions is correct. Accordingly, the I **FIND** that the ALJ's evaluation of Dr. Hasan's opinions is supported by substantial evidence.

### b. RFC Assessment

The plaintiff objects to she objects to the Magistrate Judge's findings regarding the Residual Function Capacity ("RFC") Assessment, in particular that the

hypothetical posed by the ALJ to the vocational expert ("VE") did not properly account for the plaintiff's limitations. The ALJ summarized his RFC Assessment:

> In sum, the above residual functional capacity assessment is supported by the record which tends to show that the claimant's limitations from her respiratory problems, depression, and anxiety do not prevent the claimant from performing less than a full range of all exertional work. Although the claimant does have limitations because of her severe impairments, these limitations are not so great as to rise to the level that the claimant alleged.

Tr. 19. To reach his conclusion, the ALJ posed a hypothetical to the VE for her opinion on whether there are jobs which exist in significant numbers in the national economy that the plaintiff can perform. Tr. 20. In posing the hypothetical to the VE, the ALJ instructed the VE to consider a hypothetical individual with the claimant's age, education, and past work experience who could perform work at all exertional levels with the following limitations: avoid concentrated exposure to irritants such as fumes, odors, dusts, and gases; work limited to simple, routine tasks in a work environment free of face-paced production requirements involving only simple work-related decisions with few, if any, workplace changes. Tr. 82–83.

     A VE assists the ALJ in determining whether there is work in the national economy which a particular claimant can perform. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). "In order for a vocational expert's opinion to be relevant or helpful, it must be based *upon a consideration of all other evidence in the record*, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (emphasis added) (citation omitted).

The plaintiff's argument regarding the hypothetical question presumes that the ALJ should have given Dr. Hasan's opinions regarding the plaintiff's limitations controlling weight. *See* Pl.'s Objs. 1 [ECF No. 15]. However, the hypothetical question need only incorporate those limitations which are credibly established in the record. *See Walker*, 889 F.2d at 50. The ALJ determined that the record as a whole established respiratory problems, depression, and anxiety as limitations on the plaintiff's functional capacity. The ALJ then incorporated those limitations into his hypothetical question to the VE. After *de novo* review, I conclude that the ALJ's hypothetical question was proper and the Magistrate Judge's determination regarding the RFC Assessment is correct. Accordingly, I **FIND** that the ALJ's RFC Assessment is supported by substantial evidence.

### c. Magistrate Judge's Recommendation for Disposition

Finally, the plaintiff objects to the Magistrate Judge's recommendation for disposition. Having determined that the Magistrate Judge's determinations regarding the ALJ's evaluation of Dr. Hasan's opinion and the hypothetical question posed by the ALJ to the VE are correct, I **FIND** that the Magistrate Judge's recommendation for disposition is correct.

### V. Conclusion

The court **ADOPTS** the Magistrate Judge's proposed findings and recommendation for disposition, **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 12], **GRANTS** the defendant's motion for judgment on the

pleadings [ECF No. 13], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 16, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE